**ZHEN XIANG YE, De Kang Zhao, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICE, Respondent.**

Nos. 03–4923–ag(L); 05–0629–ag(Con).

United States Court of Appeals, Second Circuit.

Sept. 27, 2006.

Theodore N. Cox, Maunica Sthanki, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Jo Ann M. Navickas, Assistant United States Attorney, Brooklyn, New York, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Zhen Xiang Ye and De Kang Zhao, both natives and citizens of China, petition for review of the April 2003 BIA decision affirming Immigration Judge ("IJ") John Opaciuch's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the January 2005 BIA decision denying their motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of the case.

### A. The BIA's April 2003 Decision

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review the IJ's decision including the portions not explicitly discussed by the BIA." *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the

agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we may vacate and remand for new findings if the agency's reasoning was materially flawed and we are unable to "confidently predict" that the same decision would be made on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158, 162 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005).

■ Here, the adverse credibility finding is not sustainable. The IJ and BIA identified several inconsistencies between Ye's and Zhao's testimony, but only one of these is supported by the record. Contrary to what the IJ found, Ye and Zhao testified consistently regarding the family planning officials' July and October 1994 visits, where Ye's sterilization took place, and when the fine was imposed on them. Additionally, the IJ's and BIA's emphasis on Zhao's inability to state Ye's aunt's first name was improper, inasmuch as both disregarded Zhao's explanation that he had always simply called her "Aunt," and that this practice was customary. Only one finding of inconsistency—regarding whether Zhao was home when the officials came to demand that Ye have an abortion in October 1994—is supported by the record. However, this one inconsistency is insufficient to sustain the adverse credibility finding—particularly when the BIA's opinion rested on the mistaken assumption that this abortion was, in fact, carried out.

■ We cannot predict with confidence that the agency would reach the same result on remand based on the error-free portion of the adverse credibility finding, and neither may we sustain the denial of asylum on an alternative ground. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107–09 (2d Cir.2006); *Xiao Ji Chen,* 434 F.3d at 161–62. The IJ found, in the alternative, that even if their testimony was credited, Ye and Zhao no longer have a well-founded fear of future persecution because Ye has already been sterilized, and the only harm petitioners could reasonably continue to fear is a fine. However, the BIA explicitly rejected such reasoning in *Matter of Y–T–L–,* 23 I. & N. Dec. 601, 605–06, 2003 WL 21206539 (BIA 2003), and found that forced sterilization constitutes a continuing form of persecution. Accordingly, the case is remanded for a reevaluation of Ye's and Zhao's credibility and eligibility for asylum and withholding of removal. However, we lack jurisdiction to remand for reevaluation of their eligibility for CAT relief, because they failed to exhaust that claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

**B. The BIA's January 2005 Decision**

■ Remand is not separately required with respect to Ye's and Zhao's motion to reopen, because the BIA did not abuse its discretion in denying it. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). Although the adverse credibility finding in this case was flawed, the evidence presented with the motion did not meaningfully challenge that finding, nor was it truly "new" or "previously unavailable." The arguments in Ye's and Zhao's supporting affidavit could have been made on appeal, and the letter from Ye's aunt could have been presented at the hearing. The failure to present new, material evidence was an adequate reason for the BIA to deny the motion. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the consolidated petition for review is GRANTED with respect to the BIA's April 2003 order and DENIED with respect to the its January 2005 order, the BIA's April 2003 order is VACATED, and the case is REMANDED for further proceedings. The respondent's motion for a remand is DENIED as moot. Having completed our review, any stay of removal that the Court previously granted in either petition is VACATED, and any pending motion for a stay of removal in either petition is DENIED as moot. Any pending request for oral argument in either petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).